UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN DAVID PALACIOS OBREGON,<br><br>　　　　　　Petitioner(s),<br><br>　v.<br><br>TODD M. LYONS,<br><br>　　　　　　Respondent(s). | CASE NO. C26-2462-KKE<br><br>ORDER ON EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND REQUEST FOR IMMEDIATE RELIEF |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1) and, concurrently, an "emergency motion to expedite consideration of petition" and "request for immediate relief and [temporary restraining order ("TRO")]" (Dkt. No. 2). Petitioner's motion requests an "expedited briefing schedule" on his petition and "immediate release" or bond. *Id.* at 2, 5. For the following reasons, the Court will deny Petitioner's motion.

This is Petitioner's second habeas petition. The Court granted his earlier petition in part and denied it in part, largely denying his requests for relief including his request for immediate release. *Palacios Obregon v. Blanche* ("*Palacios Obregon I*"), No. C26-0484-KKE, 2026 WL 1223424 (W.D. Wash. May 5, 2026). The Court found that Petitioner's removal to Canada, where he is a lawful permanent resident, was reasonably foreseeable and therefore his detention had not become unlawfully prolonged. *Id.* at *6–7. It also found that Petitioner had not shown that his medical care at the Northwest ICE Processing Center ("NWIPC")—where he is currently

ORDER ON EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND REQUEST FOR IMMEDIATE RELIEF - 1

detained—was so inadequate as to render the conditions of his confinement unconstitutionally punitive. *Id.* at *5–6. However, the Court ordered that the Government must provide Petitioner an opportunity to have his fear of removal to Canada—which had previously been rejected by U.S. Citizenship and Immigration Services—reviewed by an immigration judge in reopened removal proceedings before any removal to Canada.[1] *Id.* at *7–9.

Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Id.* Petitioner fails to meet this standard.

Petitioner's motion claims that his removal to Canada "is no longer imminent" because it "is now dependent upon a separate immigration process involving multiple procedural stages and potential appeals." Dkt. No. 2 at 1. His petition does not identify the "immigration process" that purportedly now stands in the way of such removal, but states that it was initiated by "American immigration authorities[.]" Dkt. No. 1 at 1. It is possible Petitioner is referring to the process ordered by the Court in response to Petitioner's previous petition, requiring review of Petitioner's asserted fear of removal to Canada. In any event, Petitioner does not allege that Canada is no longer willing to accept his return to that country. *See Palacios Obregon I*, 2026 WL 1223424, at *7 ("[B]ecause the Government notified Petitioner … that it intends to remove him to Canada … and Canada Border Services Agency has informed ICE it will accept Petitioner's return …,

---

[1] The Court also ordered that, in the event the Government intends to remove Petitioner to a country other than Canada, the Government must provide Petitioner with the same opportunity to raise any possible fear of removal to that country in reopened removal proceedings. *Palacios Obregon I*, 2026 WL 1223424, at *10.

ORDER ON EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND REQUEST FOR IMMEDIATE RELIEF - 2

Petitioner has not met his initial burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" (citation omitted)).  On this record, Petitioner is unlikely to succeed in showing that his circumstances have changed as to render his removal to Canada no longer reasonably foreseeable.

Petitioner's motion also states that he is experiencing "[o]ngoing" medical issues and that he continues to have concerns about his medical care at NWIPC.  Dkt. No. 2 at 1.  In particular, Petitioner states that his colonoscopy, which was scheduled for May 12, 2026, did not occur as planned.  *Id.* at 1–2.  Petitioner's motion and petition do not explain why his colonoscopy did not happen; and the Court cannot, at this stage, determine what bearing (if any) this development has on the merits of Petitioner's claims.  Nor has Petitioner shown that he is likely to suffer irreparable harm during the pendency of this matter absent preliminary relief.[2]

However, the Court is troubled to learn that Petitioner's colonoscopy has again been delayed, as the Court denied his previous petition, in part, based on the Government's representation that it intended to take the requisite "steps to ensure [Petitioner was] prepared for the procedure in May."  *Palacios Obregon*, 2026 WL 1223424, at *6.  Accordingly, the Government is ORDERED to explain in its return to the petition why Petitioner's colonoscopy did not go forward as planned, including what plans, if any, are in place to reschedule the procedure.

Petitioner's emergency motion to expedite consideration and for immediate relief (Dkt. No. 2) is DENIED.

Dated this 14th day of July, 2026.

Kymberly K. Evanson
United States District Judge

---

[2] For the same reason, Petitioner has not shown good cause to expedite the briefing schedule on his petition.

ORDER ON EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND REQUEST FOR IMMEDIATE RELIEF - 3